UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.    ) <br> ) <br> DAVID LEE,    ) <br>   also known as "David Young"  ) <br> ) <br> ) <br> ) | No. **08 CR 1041** <br><br> Violations: Title 18, United States Code, Section 1001, Title 50, United States Code, Sections 1702 and 1705(b); and Title 15, Code of Federal Regulations, Sections 742.6 and 764.2(a) **JUDGE JOHN W DARRAH** <br> **MAGISTRATE JUDGE SCHENKIER** |

**COUNT ONE**

**FILED**

The SPECIAL FEBRUARY 2008-1 GRAND JURY charges:

DEC 1 6 2008 TC
DEC 16 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1.  At times material to this Indictment:

    (a) The President of the United States of America, by virtue of the International Economic Emergency Powers Act ("IEEPA") (Title 50, United States Code, Section 1701 *et seq.*) and other authorities, was granted authority to deal with unusual and extraordinary threats to the national security, foreign policy and economy of the United States.

    (b) The United States Department of Commerce, by virtue of the Export Administration Act ("EAA") (Title 50, United States Code, Section 2401 *et seq.*) had the authority to regulate the export of commodities, technology, and software (collectively referred to as "goods") from the United States to foreign countries. The EAA authorized the Secretary of Commerce to prohibit or curtail the export of goods to protect national security, foreign policy, nonproliferation, and short supply interests of the United States. The Secretary of Commerce implemented the authority provided by the EAA through the Export Administration Regulations ("EAR").

    (c) Although the EAA has been in lapse since August 21, 2001, the President,

through Executive Order 13222, has continued the EAR in effect under the authority granted to the President by IEEPA.

(d) Section 774 of the EAR provided for the Commerce Control List ("CCL"), which was maintained and regulated by Department of Commerce, Bureau of Industry and Security ("BIS"). The CCL included items such as commodities, software and technology. 15 C.F.R § 738.1. Individual items on the CCL were identified by an Export Control Classification Number ("ECCN"), a set of digits and a letter that identifies the entries and the type of controls associated with the items contained in the entry. 15 C.F.R. § 738.2.

(e) The CCL contained an entry designated as ECCN 6A003.b.4. This entry pertained to cameras containing a micro bolometer focal plane array that senses radiation in the 7-14 micron spectral band and uses a 320 x 240 element detector array ("thermal imaging cameras"). Items under ECCN 6A003.b.4 were controlled for export by BIS for regional stability reasons. Export of commodities classified under ECCN 6A003.b.4 to Korea required a license from BIS. 15 C.F.R. §§ 738, Supp.1 and 742.6.

(f) Failure to obtain a license before exporting commodities classified under ECCN 6A003.b.4 to South Korea was a violation. 15 C.F.R. §§ 742.6 and 764.2(a).

(g) Lucena Technology, Incorporated ("Lucena") was an Illinois company located and operated in and around Park Ridge, Illinois. Lucena was primarily involved in the export of various commodities as requested from foreign companies.

(h) Defendant DAVID LEE, also known as David Young, was a United States person and owner of Lucena.

(i) At no point did either Lucena or defendant DAVID LEE receive a license

from BIS to export any thermal imaging cameras or any other commodities classified under ECCN 6A003.b.4 to South Korea.

2. On or about June 29, 2007, at Park Ridge, in the Northern District of Illinois, and elsewhere,

DAVID LEE,
also known as "David Young",

defendant herein, did knowingly and willfully export commodities, namely, seven thermal imaging cameras (model 2000B with 25mm lens), to South Korea without the required prior authorization or license;

In violation of Title 50, United States Code, Sections 1702 and 1705(b), and Title 15, Code of Federal Regulations, Sections 742.6 and 764.2(a).

## COUNT TWO

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The allegations of Paragraph One of Count One of this Indictment are realleged and incorporated as though fully stated herein.

2. On or about August 15, 2007, at Park Ridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID LEE,
also known as "David Young",

defendant herein, did knowingly and willfully export a commodity, namely, one thermal imaging camera (model 2000B with 25mm lens), to South Korea without the required prior authorization or license;

In violation of Title 50, United States Code, Sections 1702 and 1705(b), and Title 15, Code of Federal Regulations, Sections 742.6 and 764.2(a).

## COUNT THREE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The allegations of Paragraph One of Count One of this Indictment are realleged and incorporated as though fully stated herein.

2. The U.S. Department of Homeland Security, Customs and Border Protection ("CBP") and the Department of Commerce, Bureau of Industry and Security ("BIS") were agencies within the jurisdiction of the executive branch of the Government of the United States.

3. Persons and entities exporting commodities from the United States were required to complete a form known as a Shipper's Export Declaration ("SED") in connection with certain shipments to a foreign country. The form required the exporter to provide accurate and complete information about, among other things, the contents, value and destination of the shipment, as well as the ECCN and the number of the export license, if required. An SED is an "export control document," as defined by 15 C.F.R. § 772.1.

4. On or about June 28, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID LEE,
also known as "David Young",

defendant herein, did knowingly and willfully falsify and conceal material facts in a matter within the jurisdiction of CBP and BIS, agencies within the executive branch of the Government of the United States, namely, that in the SED pertaining to his shipment of thermal imaging cameras from the United States to South Korea defendant DAVID LEE failed to identify the contents of the shipment as thermal imaging cameras, omitted the applicable ECCN and falsely stated that no

license was required when, in fact, defendant then knew that the shipment contained seven thermal imaging cameras (model 2000B with 25 MM lens), that these commodities were classified under ECCN 6A003.b.4, and required a license for their export to South Korea;

In violation of Title 18, United States Code, Section 1001(a)(1).

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The allegations contained in Counts One and Two of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

2. As a result of his violations of Title 50, United States Code, Section 1705, as alleged in Counts One and Two of the foregoing Indictment,

DAVID LEE,
also known as "David Young",

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), any and all right, title, and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c) includes approximately $59,500.

4. If any of the property subject to forfeiture described above, as a result of any act or omission by the defendant:

    (a) Cannot be located upon the exercise of due diligence;

    (b) Has been transferred or sold to, or deposited with, a third party;

    (c) Has been placed beyond the jurisdiction of the Court;

    (d) Has been substantially diminished in value; or

  (e)  Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY