UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 1041 |
| v. ) | |
| ) | Judge John W. Darrah |
| DAVID LEE, ) | |
| also known as "David Young" ) | |

**MOTION OF THE UNITED STATES FOR ENTRY OF**
**PRELIMINARY ORDER OF FORFEITURE**

The UNITED STATES OF AMERICA, through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c) and Fed. R. Crim. P. 32.2, and in support thereof submits the following:

1. On December 16, 2008, an indictment was returned charging defendant DAVID LEE in Counts One and Two with exporting commodities without authorization in violation of 50 U.S.C. §§ 1702 and 1705(b), and 15 C.F.R.§§ 742.6 and 764.2(a), among other violations.

2. The indictment sought forfeiture to the United States of any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the offenses charged in the indictment, including but not limited to approximately $59,500.

3. On March 25, 2009, pursuant to Fed. R. Crim. P. 11, defendant DAVID LEE entered a voluntary plea of guilty to Count One of the indictment charging him with exporting commodities without authorization, thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

4. Pursuant to the terms of the plea agreement and as a result of his violation of 50

U.S.C. §§ 1702 and 1705(b), and 15 C.F.R §§ 742.6 and 764.2(a), defendant DAVID LEE agreed that funds in the amount of $4,375 plus interest on this $4,375 calculated from June 29, 2007 to March 25, 2009, are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as funds which constitute proceeds of the violation alleged in Count One.

5.  Defendant DAVID LEE further agreed to the entry of a forfeiture judgment in the amount of $4,375 plus interest on this $4,375 calculated from June 29, 2007 to March 25, 2009 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), forfeiting all right, title, and interest he has in the foregoing property for disposition according to law.

6.  Accordingly, the United States requests that this Court enter a judgment in the amount of $4,375 plus interest on this $4,375 calculated from June 29, 2007 to March 25, 2009 against defendant DAVID LEE, and further enter a preliminary order of forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), forfeiting all right, title, and interest defendant DAVID LEE has in funds in the amount of $4,375 plus interest on this $4,375 calculated from June 29, 2007 to March 25, 2009.

7.  If funds to satisfy the money judgment entered against defendant DAVID LEE, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. have been transferred or sold to, or deposited with, a third-party;

   c. have been placed beyond the jurisdiction of the Court;

   d. have been substantially diminished in value, or

   e. have been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging

to defendant DAVID LEE up to the amount of the money judgment entered against the defendant, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Fed R. Crim P. 32.2, in order to satisfy the money judgment entered by the Court.

8. Since funds in the amount of the outstanding judgment cannot be located to satisfy the forfeiture judgment, pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and by Fed. R. Crim. P. 32.2, the United States, upon motion to this Court, has the authority to forfeit substitute assets to satisfy the money judgment. Should assets become available to satisfy the forfeiture judgment in the future, the United States shall, at that time, file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property to satisfy the forfeiture money judgment according to law.

9. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, the United States requests that the terms and conditions of this preliminary order of forfeiture be made part of the sentence imposed against defendant DAVID LEE and included in any judgment and commitment order entered in this case against him.

WHEREFORE, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, the United States requests that this Court enter a judgment in the amount of $4,375 plus interest on this $4,375 calculated from June 29, 2007 to March 25, 2009 against defendant DAVID LEE and further enter a preliminary order of forfeiture as to the foregoing funds, in accordance with the draft preliminary order of forfeiture which is submitted herewith.
.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:    s/Joseph Alesia
        JOSEPH ALESIA
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5300

Date: May 26, 2009