UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | 08 CR 1041 |
| | ) | Judge John W. Darrah |
| | ) | |
| DAVID LEE | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

The defendant, David Lee, has pled guilty to one count of exporting commodities without authorization, in violation of Title 50, United States Code, Sections 1702 and 1705(b), and Title 15, Code of Federal Regulations, Sections 742.6 and 764.2(a). He is scheduled to be sentenced by this Honorable Court on June 3, 2009, at 1:00 p.m. Per Title 18, United States Code, Section 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, and shall consider Athe nature and circumstances of the offense and the history and characteristics of the defendant.@ The defendant asks this Court to consider the below-listed factors when imposing a sentence in this case.

**Nature and Circumstances of the Offense**

The thermal imaging cameras at issue are not per se contraband by any means. One could purchase a similar camera at a Wolf camera shop without a problem. It is not illegal to possess or use a thermal imaging camera. However, United States law proscribes the shipment of such goods to certain international locations without first obtaining a license from the Bureau of Industry and Security. Although the license requirement exists, there is nothing inherently dangerous or threatening about the

cameras shipped by David Lee. Lee simply sent the cameras to South Korea while not being in possession of the above-mentioned license.

Fine print on the bottom of the invoice Lee received from the company from which he had purchased the cameras alerted him that an export license was required for this product. Lee nonetheless proceeded with the shipment. Lee fully admits he made a mistake in doing so, but at the time felt it would be innocuous. After all, he was not shipping the cameras to a company in North Korea, but rather a company in United States-allied South Korea. After becoming more fully apprised of his obligations, Lee attempted to comply after the fact. Despite repeated efforts, Lee was never able to obtain proper licensing.

**History and Characteristics of David Lee**

David Lee was born in South Korea, and resided there for the first seventeen years of his life. Lee's parents separated prior to his birth, and his mother raised him by herself, with assistance from relatives. Lee's father was never a real presence in his life, and to this day Lee has seen the man less than ten times in his life. In search of better opportunities for herself and her teenage son, Lee's mother moved to the United States in 1984. She went to work in the dry cleaning business, while David pursued an education. David completed high school and college in the United States, and then returned to South Korea in 1994 for further studies. On December 3, 1992, David proudly became a naturalized American citizen.

In 1997, David married his wife Chona, and returned to the United States. David obtained employment with exporting companies, and eventually started his own exporting business in 2001. Aside from the conduct comprising the charges in this case,

David Lee has never exported items without the appropriate license. The large majority of items David deals in do not require specific export licenses.

David and Chona reside in Park Ridge, Illinois, with their two children: Eugene, age nine, and Angela, age three. Unfortunately, Chona suffered a miscarriage last year, in part because of the stress these charges have caused the Lee family. Because of Chona's busy schedule in her employment as a nurse, David plays an even more integral role in raising the children. David works from home so that he can take the children to and from school and be present at extracurricular activities. The family relies on David's love and guidance. Facing an uncertain future, Chona remains supportive of her husband, and hopes for the best possible outcome for him and their family.

**Letters of Support**

Chona describes David as a "great husband and provider for our children." She knows her husband as a "wonderful person… [who] helps people whenever they need help." Mrs. Lee wrote of the apprehension the family has been enduring, and of the family's desire to "live a normal life" and "be together." David's two children "love him so dearly," according to Chona, and their father takes good care of them.

Rev. David J. Kim also wrote in support of his congregation member. Rev. Kim chose David Lee to be a deacon of the Chicago Cornerstone Presbyterian Church because Lee has the necessary qualifications to be a church leader and to assist the congregation in growing closer to God. Rev. Kim wrote of a well-respected man who always gives his best at everything he does. Due to Lee's positive attitude and integrity, he has been appointed as the leader of the mission team at his church. Echoing Chona Lee's sentiments, Rev. Kim described David Lee as "a very good father to his kids."

Finally, close friend Julie Cardy submitted a letter on David Lee's behalf. Calling David "a very caring and understanding individual," Ms. Cardy chose him to be her son's godfather. She deems David "extremely dependable," "a hard worker," and "a very loving father to his two children." Ms. Cardy described her 22 years of friendship with David Lee as a blessing, and looks forward to many more years of friendship with him.

**Section 3553 Factors**

The public does not need to be protected from David Lee. He realizes he made a significant error in judgment. His arrest, prosecution, and felony conviction, and the corresponding embarrassment caused to him and his family, are an adequate deterrent to any future criminal conduct. Lee is a college graduate and has run his own business; he does not need a sentence to provide any vocational or educational training. Further, there is no need to provide restitution to any victims in this case. Essentially, this Court is left with fashioning a sentence that it feels will justly punish the offense. Lee shipped cameras without the proper license. He was not aiding some militant group or engaging in any activities that would threaten our country's safety. Considering the nature and circumstances of the offense, and the history and characteristics of the David Lee, the defense respectfully asserts that a period of probation would be a sentence that is sufficient, but not greater than necessary, to comply with the aims of Title 18, United States Code, Section 3553.

**Conclusion**

WHEREFORE, based on the foregoing, and taking into consideration the defendant=s history and characteristics and the nature of this offense, David Lee respectfully asks this Court for leniency when imposing sentence.

4

                                              Respectfully submitted,

                                              /s/ Terence P. Gillespie

TERENCE P. GILLESPIE
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604
(312) 726-9015